UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

JAMES C. MCNEILL,
                    *Plaintiff-Appellant,*

                    v.

GEORGE E. CURRIE; TONY C. JONES;
MICHAEL A. MUNNS; JAMES BOYD
BENNETT; VIRGINIA LANCASTER;
RICHARD T. JONES; CHARLES E. HILL;
MICHAEL ROACH; JAMES P. ORWIN;
MARVIN THOMAS; JAMES A. REID;
WILLIAM BROWN; DENNIS W.
VANBUREN; THOMAS D. AKER;
THURMAN HINES; DAVID A. CARROLL,
Sargeant; LAVERN MCRAE; RICHARD
CROMARTIE; WILLIAM W. WESLEY;
ERIC R. GRANDY; PAMELA C.
WOODALL; RENEE SMITH; MARGARET
COOPER; JAMES CHAPPELL; LEROY
HARRIS; KIMBERLY REID; ROY
PATTERSON; JERRI HARRIS; CHARISSA
DAWSON; CORRECTIONAL OFFICER
CLARKE; MICHAEL MCDONALD
MURPHY, M.D.; PHILIP HOPKINS,
                    *Defendants-Appellees.*

No. 03-6940

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Malcolm J. Howard, District Judge.
(CA-03-223-5-H)

Submitted: October 15, 2003

Decided: December 22, 2003

Before MICHAEL, MOTZ, and KING, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

**COUNSEL**

James C. McNeill, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

James C. McNeill, a North Carolina inmate, appeals the district court's order denying relief on his 42 U.S.C. § 1983 (2000) complaint under 28 U.S.C. § 1915(e)(2)(B) (2000). McNeill alleged a number of constitutional violations by prison officials at Polk Youth Institution, including violations of due process and the prohibition against cruel and unusual punishment in connection with certain disciplinary hearings, interference with legal mail, retaliation for filing grievances and complaints, denial of medical care, and sexual harassment. We affirm in part, vacate in part, and remand for further proceedings.

McNeill claims that he was denied certain due process protections with respect to various prison disciplinary hearings. In order to show the deprivation of a liberty interest protected by the Due Process Clause, an inmate must show either: (1) the conditions exceed the sentence imposed in such an unexpected manner as to give rise to protection by the Due Process Clause or (2) the confinement creates an atypical or significant hardship in relation to the ordinary incidents of

prison life. *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). A claim having no arguable basis in law or fact may be dismissed as frivolous. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). We review de novo a dismissal under § 1915(e)(2) (2000). *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003).

We conclude that McNeill was not entitled to due process protections with respect to his disciplinary hearings on December 22, 2000, July 10, 2001, September 18, 2001, November 8, 2001, and December 12, 2001, because the disciplinary actions taken and McNeill's placement in administrative segregation did not create an atypical or significant hardship in relation to the ordinary incidents of prison life. *See Beverati v. Smith*, 120 F.3d 500, 503-04 (4th Cir. 1997). We therefore affirm the portion of the district court's order dismissing McNeill's due process claims with respect to these five proceedings. However, with respect to the proceedings held on August 1, 2002, and December 31, 2002, we vacate the district court's dismissal of McNeill's due process claims because we conclude that these claims have an arguable basis in law and fact. On remand, the district court should compare the conditions in segregation to which McNeill is exposed, including his loss of out-of-cell exercise, with the ordinary incidents of prison life, to determine whether McNeill possessed a liberty interest requiring due process protections during these two disciplinary hearings.

We also vacate the district court's dismissal of McNeill's deprivation of exercise claim and remand for consideration of this claim. In order to make out an Eighth Amendment claim relating to conditions of confinement, a plaintiff must establish both (1) "a serious deprivation of a basic human need" and (2) "deliberate indifference to prison conditions on the part of prison officials." *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993). A plaintiff must also "produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions." *Id.* at 1381. We have held that it may generally be considered that "complete deprivation of exercise for an extended period of time violates Eighth Amendment prohibitions against cruel and unusual punishment." *Mitchell v. Rice*, 954 F.2d 187, 191 (4th Cir. 1992).

McNeill's allegation, which must be accepted as true at this stage of the proceedings, is that he was deprived of out-of-cell exercise for

approximately seven months while housed in segregation. McNeill also alleged that he needs exercise to rehabilitate his various injuries and that the lack of exercise has caused him serious physical and emotional distress. Whether such facts, if proven, amounted to an Eighth Amendment violation should be considered in the first instance by the district court.

Accordingly, we affirm the district court's dismissal of McNeill's due process claims relating to his disciplinary hearings on December 22, 2000, July 10, 2001, September 18, 2001, November 8, 2001, and December 12, 2001, and affirm the dismissal of those claims not raised in McNeill's informal brief. *See* 4th Cir. R. 34(b). However, we vacate the district court's dismissal of McNeill's due process claims relating to the disciplinary proceedings on August 1, 2002, and December 31, 2002, vacate the dismissal of McNeill's deprivation of exercise claim, and remand to the district court for further proceedings consistent with this opinion.*

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED
IN PART, AND REMANDED*

---

*By this disposition, we indicate no view as to the ultimate merits of McNeill's claims.